# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**PROFESSIONAL SERVICE**
**INDUSTRIES, INC.,**

      **Plaintiff,**

**v.**                                                               **Case No:  6:16-cv-1004-Orl-31KRS**

**VSE PACIFIC, INC.,**

      **Defendant.**

## ORDER

This matter comes before the Court without a hearing on the Motion to Dismiss (Doc. 8) filed by the Defendant, VSE Pacific, Inc. ("VSE Pacific"), the response in opposition (Doc. 17) filed by the Plaintiff, Professional Service Industries, Inc. ("PSI"), and the reply (Doc. 20) filed by VSE Pacific.

In 2006, VSE Pacific, a Florida corporation, hired PSI, an Illinois corporation, to perform soil testing on a site in Hawaii where VSE Pacific intended to build a resort.  PSI did so and, in 2008, issued a report to VSE Pacific.  VSE Pacific contends that PSI made a number of mistakes in its analysis, and these mistakes cost the developer an additional $1.3 million beyond what it should have had to spend to develop the site.

In October 2015, VSE Pacific initiated an administrative proceeding in Hawaii regarding PSI's alleged negligence.  PSI made an appearance and participated in the proceeding, including issuing subpoenas and notices of depositions to third parties.  Eventually, the proceeding was stayed so the parties could mediate the dispute.  The mediation took place on May 24, 2016 and was unsuccessful.  Three days later, VSE Pacific filed suit against PSI in federal court in Hawaii,

asserting claims for breach of warranty, breach of indemnity, and negligence. On June 9, 2016, after having been served by VSE Pacific, PSI filed the instant suit, seeking a declaration that certain language limiting its liability was included in the 2006 contract with VSE Pacific.[1]

By way of the instant motion, VSE seeks dismissal of the instant case or, in the alternative, transfer to Hawaii so that it may be consolidated with the earlier-filed case.

Where two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule. *Manuel v. Convergys Corp.,* 430 F.3d 1132, 1135 (11th Cir. 2005) (citations omitted). The United States Court of Appeals for the Eleventh Circuit requires that the party objecting to jurisdiction in the first-filed forum demonstrate that "compelling circumstances" exist to warrant an exception to the first-filed rule. *Id.*

PSI offers a number of arguments in favor of maintaining this suit despite the first-filed rule; none are persuasive. It describes VSE Pacific's decision to forego reliance on the Hawaii administrative proceeding and to file suit in Hawaii federal court as "undeniable forum shopping," but offers no citation to Hawaii statutes or case law suggesting that what VSE Pacific did was improper. PSI complains that it will be forced to engage in expensive soil engineering-related discovery in the Hawaii case, while the instant case would require only contract interpretation; but the Hawaii case (and its attendant discovery costs) will proceed regardless of what occurs here.[2] PSI also suggests that a party should not receive the benefit of the first-filed rule when it unfairly

---

[1] The copy of the 2006 contract filed by VSE Pacific in its suit did not include the limiting language.

[2] In addition, if this case were to continue, VSE would almost certainly file a counterclaim, raising the same soil-engineering issues that are the focus of the Hawaii suit.

took advantage of the other party in a race to the courthouse.   However, PSI offers nothing to suggest that VSE Pacific's actions were in any way unfair.

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion to Dismiss (Doc. 8) is **GRANTED IN PART**.   The instant case is hereby **TRANSFERRED** to the United States District Court for the District of Hawaii, for consolidation with the existing litigation between these parties.   In all other respects, the motion is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on July 29, 2016.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party